IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| EDWIN RIVERA-MERCADO,<br><br>    Plaintiff<br><br>    v.<br><br>JORGE O. MOJICA-VEGA, et al.,<br><br>    Defendants | CIVIL NO. 10-1790 (JP) |

**OPINION AND ORDER**

Before the Court is Edwin Rivera-Mercado's ("Rivera-Mercado") petition for a writ of *habeas corpus* (No. 4). For the reasons stated herein, the Court hereby **DENIES** the petition for a writ of *habeas corpus*.[1]

**I.   FACTUAL BACKGROUND**

Petitioner Rivera-Mercado is a convicted felon currently incarcerated at the Bayamón Correctional Center in Bayamón, Puerto Rico. Defendants are Jorge O. Mojica-Vega, Guillermo Somoza-Colombani, and José Figueroa-Sancha. On April 26, 2005, Petitioner was found guilty of rape among other charges by the Court of First Instance in San Juan, Puerto Rico. Petitioner had pled not guilty to all charges. He was sentenced to approximately 13 years in prison. Petitioner never directly appealed this conviction.

---

1.   Also before the Court is Plaintiff's leave to proceed *in forma pauperis* (No. 1). Said motion is **MOOTED** in light of the Court's Order denying petitioner's writ of *habeas corpus*.

CIVIL NO. 10-1790 (JP)            -2-

Rivera-Mercado indicates on his petition that he has not filed any petitions, applications, or motions with respect to his conviction and sentence in any state court prior to filing his petition in the federal court.  Petitioner did not provide any explanation for his decision not to pursue state remedies.

Petitioner filed this petition for a writ of *habeas corpus* on the grounds that his conviction was obtained by the use of evidence gained pursuant to an unlawful arrest and by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.  Petitioner also claims he was denied the effective assistance of counsel.

## II.  **LEGAL STANDARD**

A petition for a writ of *habeas corpus* may be brought forth by a person in custody pursuant to the judgment of a state court if such custody is in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).  A writ of *habeas corpus* may not be granted unless the petitioner satisfies certain requirements, including showing (1) that he or she has exhausted the remedies available in the courts of the state, (2) that there is an absence of available state corrective process, or (3) that circumstances exist that render the process ineffective to protect his or her rights. 28 U.S.C. § 2254(b).

CIVIL NO. 10-1790 (JP)              -3-

### III. **ANALYSIS**

Petitioner brings this *habeas corpus* petition on the grounds that his conviction was obtained by the use of evidence gained pursuant to an unlawful arrest and by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant. Petitioner also claims he was denied the effective assistance of counsel. Nevertheless, Petitioner indicates that he never directly appealed his conviction or sentence and has filed no petitions, applications or motions challenging his conviction and/or sentence in a state court prior to filing this *habeas corpus* petition in federal court. Further, Petitioner does not explain his reasons for failing to pursue any state remedies.

A state prisoner must exhaust all available state post-conviction remedies prior to pursuing relief in the federal courts. Currie v. Matesanz, 281 F.3d 261, 262 (1st Cir. 2002) (citing 28 U.S.C. § 2254(b)(1)); Byrnes v. Vose, 969 F.2d 1306, 1308 (1st Cir. 1992). The Supreme Court has explained that the exhaustion requirement "serves to minimize friction between federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights." Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (*per curiam*). Accordingly, because Petitioner has failed to exhaust state remedies, failed to show an absence of available state corrective process, and/or that circumstances exist that render the process ineffective

CIVIL NO. 10-1790 (JP)          -4-

to protect his rights, the Court finds that Petitioner fails to meet the requirements of 28 U.S.C. § 2254(b).  As such, the Court **DENIES** Rivera-Mercado's petition for a writ of *habeas corpus* for failure to exhaust state post-conviction remedies.  Plaintiff may pursue relief in federal court after he has exhausted all available state remedies.

**IV. CONCLUSION**

For the reasons herein, the Court hereby **DENIES** the petition for a writ of *habeas corpus*.  A separate Judgment will be entered accordingly dismissing Plaintiff's petition without prejudice.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 2nd day of February, 2011.

                               s/José Antonio Fusté
                                JOSÉ ANTONIO FUSTÉ
                             CHIEF U.S. DISTRICT JUDGE